IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Street Gamez LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> Who Got Next Rollin' Gamez LLC and Terrance Porter, <br><br> *Defendants*. | Civil Action No. 6:25-cv-222 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Street Gamez LLC ("Plaintiff" or "Street Gamze"), by and through its undersigned attorneys, hereby files its Complaint against Defendants Who Got Next Rollin' Gamez LLC and Terrance Porter (collectively, "Defendants"), alleging as follows:

**PRELIMINARY STATEMENT**

1. This is an action for infringement of Plaintiff's federally-registered trademark STREET GAMEZ under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), arising from the Defendants' unauthorized use of the mark STREET GAMEZ in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendants' mobile gaming services.

2. Plaintiff seeks injunctive and monetary relief.

**JURISDICTION**

3. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), and 1338(a)–(b).

1

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), because Defendants reside in this district. Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims stated herein occurred in this district.

## PARTIES

5. Plaintiff Street Gamez LLC is a limited liability company formed under the laws of Florida and has its principal place of business at 15000 Citrus Country Drive, Suite 338, Dade City, FL 33523.

6. Upon information and belief, Defendant Who Got Next Rollin' Gamez LLC is a limited liability company formed under the laws of Texas and has its principal place of business at 3417 Castleton Dr, Killeen, TX 76542.

7. Upon information and belief, Defendant Terrance Porter is an individual who resides at 3417 Castleton Dr, Killeen, TX 76542.

8. Upon information and belief, Mr. Porter completely controls Defendant Who Got Next Rollin' Gamez LLC and fails to treat it as a separate business entity. At all times, the conduct of Defendant Who Got Next Rollin' Gamez LLC alleged in this complaint was directed and/or engaged in by Mr. Porter.

## FACTS

**A.    Plaintiff and Its STREET GAMEZ Mark**

9. Plaintiff is a mobile gaming and entertainment company. Among other services, Plaintiff operates trucks and trailers that contain various gaming consoles and games, which are available to rent for events such as birthday parties, corporate gatherings, and fundraisers.

10. Plaintiff was founded in 2018 by Stephon Sanders, who was 13 years old at the time, with the support of his mother, Tiffany Bell. Mr. Sanders developed the concept for the Street Gamez business after Ms. Bell hired a mobile arcade company to celebrate Mr. Sanders' eighth birthday. Ms. Bell, an Army veteran who served in Afghanistan, withdrew a significant portion of her savings to invest in Plaintiff's business. To support the business's growth, Ms. Bell enrolled in an eight-week certificate program in entrepreneurship and innovation at Hillsborough Community College in Tampa. She later graduated with an associate degree from the college's business program.

11. The Street Gamez business saw immediate success and received considerable media attention due to Mr. Sanders' unique story of starting a business at just 13 years old. Most notably, Street Gamez was featured in an article on *Yahoo! News* after Mr. Sanders received the Presidential Volunteer Service Award.[1]



---

[1] https://www.yahoo.com/news/young-entrepreneur-takes-home-presidential-22359576.html.

12. In addition to *Yahoo! News*, various other media outlets have reported on Mr. Sanders and Street Gamez, including: *Wired*,[2] *ABC Action News* (Tampa Bay),[3] *WTSP* (Tampa Bay),[4] and *Shoutout Southcarolina*.[5]



ABC Action News (Tampa Bay)

13. Plaintiff initially operated in Tampa, FL and the surrounding areas, and has since expanded operations into additional areas including Rock Hill, SC, Charlotte, NC, and the areas surrounding those cities.

---

[2] https://www.wired.com/story/more-black-hispanic-entrepreneurs-open-business/.
[3] https://www.abcactionnews.com/news/local-news/14-year-olds-mobile-gaming-business-booming-during-pandemic.
[4] https://www.wtsp.com/article/features/tampa-teen-turns-his-love-of-gaming-into-a-thriving-business/67-e6bdb0be-7624-43d4-b334-446e8f30d240.
[5] https://shoutoutsouthcarolina.com/meet-stephon-sanders-ceo-street-gamez-llc/?doing_wp_cron=1725657383.8150260448455810546875.

14. Plaintiff is the owner of the trademark STREET GAMEZ (U.S. Reg. No. 6,653,786), which was registered on the Principal Register for the United States Patent and Trademark Office on February 22, 2022 (the "STREET GAMEZ Mark") in connection with "Entertainment services in the nature of arranging social entertainment events; Entertainment services in the nature of hosting social entertainment events; Entertainment services in the nature of organizing social entertainment events; Entertainment services, namely, conducting parties; Entertainment services, namely, a video arcade housed in a trailer." Attached hereto as *Exhibit 1* is a true and correct copy of the registration certificate for the STREET GAMEZ Mark.

15. During the COVID-19 pandemic, Plaintiff faced significant challenges as indoor gatherings were severely restricted. Plaintiff maintained operations, however, diversifying its services to include an inflatable movie theatre, foam parties, silent headphone parties and other socially-responsible community events. Plaintiff also hosted numerous free "pop-up" community events.

16. Plaintiff has used the STREET GAMEZ Mark in commerce throughout the United States continuously since 2018 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of mobile gaming and entertainment services. Photographs showing some examples of Plaintiff's use of the STREET GAMEZ Mark in connection with these mobile gaming and entertainment services are pictured immediately below:[6]

---

[6] https://streetgamez.com/; https://www.instagram.com/p/BqLnXWtgIm6/; https://www.instagram.com/p/B4xMgpRFTMI/; https://www.instagram.com/p/CXznCEHsDAj/.








17. Due to its widespread, continuous, and exclusive use of the STREET GAMEZ Mark to identify its mobile gaming and entertainment services, as well as to identify Plaintiff as its source, Plaintiff holds valid and current federal statutory and common law rights to the STREET GAMEZ Mark.

18. Plaintiff's STREET GAMEZ Mark is distinctive to both the consuming public and Plaintiff's trade.

19. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the mobile gaming and entertainment services sold under the STREET GAMEZ Mark.

20. Plaintiff offers and sells its mobile gaming and entertainment services under its STREET GAMEZ Mark to various consumers, including military service personnel and veterans, families with children, and corporate clients who host parties, fundraisers, and other similar events.

21. The mobile gaming and entertainment services Plaintiff offers under the STREET GAMEZ Mark are of high quality. Since its founding in 2018, STREET GAMEZ has received consistently positive reviews from customers, and often receives repeat business from customers. For example, Plaintiff has secured contracts with school districts, cities, and other entities to provide its mobile gaming and entertainment services. In addition, much of Plaintiff's business is generated by word-of-mouth, based on the positive experiences of Plaintiff's existing customers.

22. Due to the expenditures and efforts made by Plaintiff over almost a decade, the STREET GAMEZ Mark has come to signify the high-quality mobile gaming and entertainment services offered by Plaintiff. It has acquired significant distinction, reputation, and goodwill that belong exclusively to Plaintiff.

B. **Defendants' Unlawful Activities**

23. Upon information and belief, Defendants are engaged in mobile gaming and entertainment services that are the same as, or substantially similar to, those offered by Plaintiff.

24. In April 2019, Mr. Porter contacted Ms. Bell on Facebook and expressed interest in starting a business like Plaintiff's "[f]or the TX area."[7] Ex. 2. Mr. Porter and Ms. Bell were previously acquainted from their time in the military and shared involvement in veterans' groups. Ms. Bell explained to Mr. Porter that he could start a franchise of Plaintiff's business. *Id.* Ultimately, no franchise agreement was reached. In the alternative, Ms. Bell suggested that Plaintiff could expand into the Texas market and hire Mr. Porter as the manager of Plaintiff's Texas business, but Mr. Porter declined.

25. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its STREET GAMEZ Mark, Defendants adopted and began using the mark WHO GOT NEXT STREET GAMEZ (hereinafter, the "Infringing Mark"), in commerce in the United States. In addition, Defendant Who Got Next Rollin' Gamez LLC was initially incorporated as "Who Got Next Street Gamez LLC."

26. By using "Who Got Next" alongside "Street Gamez" in the Infringing Mark, Defendants have attempted to capitalize on Plaintiff's goodwill, which includes the media attention surrounding Mr. Sanders and the founding of his business. The phrase "Who Got Next" suggests a continuation or the next installment of the original "Street Gamez." The Infringing Mark was designed to create the impression that it is connected to, sponsored by, or approved by the Plaintiff when, in fact, it is not.

---

[7] Attached hereto as ***Exhibit 2*** are Facebook messages between Ms. Bell and Mr. Porter.

27. After becoming aware of the *Yahoo! News* article featuring Mr. Sanders and Street Gamez, Ms. Bell searched for "Street Gamez" on Google. The top results included the website and social media pages for Defendants, who at the time were using the Infringing Mark.

28. The Infringing Mark used by the Defendants is confusingly similar to Plaintiff's STREET GAMEZ Mark because both prominently feature the words "Street Gamez":

|STREET GAMEZ Mark:|Infringing Mark:|
|---|---|






29. Pictured immediately below are just a few examples of Defendants' provision, advertising, promotion, offering for sale, and sale of mobile gaming and entertainment services using the Infringing Mark in Texas:





30. Upon information and belief, the mobile gaming and entertainment services Defendants have provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are identical, or substantially similar, to the mobile gaming and entertainment services offered by Plaintiff.

31. Upon information and belief, Defendants have marketed, advertised, promoted, offered for sale, and sold their mobile gaming and entertainment services under the Infringing

Mark through similar channels, including through social media platforms such as Facebook and Instagram.

32. Upon information and belief, Defendants operated a website at the domain <https://www.whogotnextstreetgamez.com> that included prominent display of the words "Street Gamez" and included a color scheme and design elements likely to cause confusion with Plaintiff's mobile gaming and entertainment services:[8]



33. Upon information and belief, Defendants have marketed, advertised, promoted, offered for sale, and sold their mobile gaming and entertainment services under the Infringing Mark to similar consumer bases. For example, upon information and belief, Defendants have marketed, advertised, promoted, offered for sale, and sold their mobile gaming and entertainment services to individuals who are mutually acquainted with Ms. Bell and Mr. Porter.

34. Both Plaintiff and Defendants offer their mobile gaming and entertainment services at or near military bases. Upon information and belief, Defendants recently provided their mobile gaming and entertainment services at an event near Fort Cavazos in Killeen, Texas. This event led

---

[8] This image is a screen capture by the Wayback Machine of the website at the domain <https://www.whogotnextstreetgamez.com> from November 1, 2023.

several military members and veterans, with whom Ms. Bell and Mr. Porter are mutually acquainted, to believe that Plaintiff and Defendants are affiliated.

35. On February 6, 2024, Plaintiff's previous counsel sent a cease and desist letter to Defendants objecting to Defendants' use of the Infringing Mark.

36. To date, Plaintiff has received no response to its first cease and desist letter.

37. Upon information and belief, after receiving the first cease and desist letter, Defendants began operating using the mark "WHO GOT NEXT ROLLIN' GAMEZ" (the "Rollin' Gamez Mark"), and Who Got Next Street Gamez LLC changed its corporate name to Who Got Next Rollin' Gamez LLC.

38. However, several of Defendants' social media pages continued to use the Infringing Mark in connection with Defendants' business. For example, Defendants' Facebook, Instagram, and LinkedIn pages continued to use, and still use, text and images of the Infringing Mark. One example is pictured immediately below:[9]



---

[9] https://www.instagram.com/whogotnextrollingamez/

39. On July 22, 2024, Plaintiff's counsel sent a second cease and desist letter to Defendants objecting to their continued use of the Infringing Mark, and to date, Plaintiff has received no response. Subsequently, on November 14, 2024, Plaintiff's counsel sent yet another cease and desist letter regarding the same issue, but again, Plaintiff has received no response to this third letter either.

40. Defendants' infringing acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' mobile gaming and entertainment services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

41. Defendants' infringing acts have resulted in actual confusion among consumers, including but not limited to individuals who are mutually acquainted with both Mr. Porter and Ms. Bell.

42. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's STREET GAMEZ Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's mobile gaming and entertainment services to the Defendants.

43. Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT I
### (Federal Trademark Infringement)

44. Plaintiff repeats and realleges paragraphs 1 through 44, as if fully set forth herein.

45. Defendants' unauthorized use in commerce of the Infringing Mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

46. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the STREET GAMEZ Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

47. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

48. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, statutory damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II
**(Federal Unfair Competition and False Designation of Origin)**

49. Plaintiff repeats and realleges paragraphs 1 through 49, as if fully set forth herein.

50. Defendants' unauthorized use in commerce of the Infringing Mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

51. Defendants' unauthorized use in commerce of the Infringing Mark constitutes use of a false designation of origin and misleading description and representation of fact.

52. Upon information and belief, Defendants' conduct is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

53. Defendants' conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

55. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Judgment in favor of Plaintiff and against Defendants that Defendants have infringed Plaintiffs STREET GAMEZ Mark and violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. Judgment that Defendant's infringement of the STREET GAMEZ Mark was willful.

3. Judgment in favor of Plaintiff permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of

those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a. providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote any goods or services bearing the STREET GAMEZ Mark, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's STREET GAMEZ Mark;

    b. engaging in any activity that infringes Plaintiff's rights in its STREET GAMEZ mark;

    c. engaging in any activity constituting unfair competition with Plaintiff;

    d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendants;

    e. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

    f. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the STREET GAMEZ mark, or any other mark that infringes or is likely to be

confused with Plaintiff's STREET GAMEZ mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

g.   aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

4.   Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

5.   Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the STREET GAMEZ Mark, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's STREET GAMEZ mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the STREET GAMEZ Mark, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's STREET GAMEZ mark, and to immediately remove them from public access and view.

6. Ordering, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

7. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

8. Awarding Plaintiff statutory damages in accordance with Section 35(c) of the Lanham Act (15 U.S.C. § 1117(c)).

9. Ordering, that Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

10. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

11. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

12. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

13. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Street Gamez hereby demands a trial by jury on all claims and issues so triable.

Dated: May 23, 2025

Respectfully submitted,

**MCGUIREWOODS LLP**

<u>/s/ Jessica S. Maupin</u>
Jessica S. Maupin
TX State Bar No. 24131493
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax: (214) 932.6499
jmaupin@mcguirewoods.com

Kyle S. Smith (*pro hac vice forthcoming*)
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
ksmith@mcguirewoods.com

*Attorneys for Plaintiff Street Gamez LLC*